## E. H. DURELL *v.* CITY OF NEW ORLEANS.

A deed of sale purporting to convey *only the right, title and interest* of defendant in execution, conveys, by such description, the property itself.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
D. S. Bryon, for plaintiff. *J. J. Michel,* for defendant.

SPOFFORD, J. The city has appealed from a judgment in favor of the plaintiff, for the value of certain squares of ground in the city of New Orleans, alleged to have been owned by him, and taken for the purpose of opening or widening streets.

The City Attorney contends :

1. That the judgment of court homologating the report of commissioners under the Act of 1832, assessed the damages for expropriating these identical squares, *in favor of the estate of Clark and Mme. Gaines ;* and that this decree forms *res adjudicata* between the corporation and those parties. However that may be, it does not form *res adjudicata* as to the plaintiff, who was not actually or constructively a party to that decree : that is to say, it does not conclude the question of title, or the right of the plaintiff to recover the indemnity assessed by the report, and which is not shown to have been paid to any one by the city.

2. It is urged that the plaintiff should have sued to annul the judgment upon the report of commissioners in favor of the estate of *Clark and Mme. Gaines.* This does not appear to be important. *Mrs. Gaines* is a party to the present suit, having been personally cited. But she does not claim the money.

3. The objection to the appointment of an auditor amounts to nothing, for the evidence upon which the auditor acted is before the court.

4. It is urged that the title of plaintiff to the squares, for which he claims the indemnities actually assessed by the homologated reports of the commissioners, is insufficient, it having been acquired at a judicial sale by deed, which purported to

DURELL
*v.*
NEW ORLEANS.

convey only the *right, title and interest* of the defendants in execution, whose possession was thus divested. But it has been held that, by such a description, the property itself is conveyed. There is no older or outstanding title shown.

Judgment affirmed.

BUCHANAN, J., took no part in this decision.